UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 20-5070-SVW (KS)                                              Date: July 29, 2020

Title   *Antoine Denell Jordan v. M. Atchley*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: TIMELINESS**

**I.      Introduction**

On June 8, 2020, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Petitioner is challenging an August 14, 2012 conviction on the following charges: three counts of failure by a convicted sex offender to register multiple residences (Cal. Penal Code ("Penal Code") § 290.0103); two counts of failure by a convicted sex offender to file a change of address (Penal Code § 290.013(a)(4)); and three counts of failure by a convicted sex offender to provide accurate registration information (Penal Code § 290.015(a)(5)). *People v. Jordan*, No. B249279, 2014 Cal. App. Unpub. LEXIS 8578, at *6-7 (Dec. 3, 2014); *see also* Criminal Case Summary, Events, Case No. BA391352, https://www.lacourt.org/CriminalCaseSummary/UI/index.aspx (last visited Jul. 29, 2020).[1]

The Petition pleads seven grounds for relief: (1) the state court erred by denying Petitioner's claim that he was illegally charged of felony offenses and by illegally sentencing Petitioner to a felony sentence, and trial and appellate counsel were ineffective for failing to raise this issue ("Ground One"); (2) the state erred by denying Petitioner's claim that Proposition 36

---

[1]      Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records); *see also Ewing v. Superior Court of California*, 90 F. Supp. 3d 1067, 1070 (S.D. Cal. 2015) (taking judicial notice, in a civil rights case, of documents filed in the plaintiff's state court criminal case, including the opinion of the Court of Appeal, because they are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned pursuant to Rule 201(b)(2) of the Federal Rules of Evidence).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-5070-SVW (KS)                                              Date: July 29, 2020

Title   _Antoine Denell Jordan v. M. Atchley_

violated his constitutional right to equal protection by excluding sex offenders from relief ("Ground Two"); (3) the state court violated due process by "fail[ing] to follow it's [sic] statutory commands" regarding California Penal Code § 290.018[2] ("Ground Three"); (4) Petitioner's rights were violated based on the cumulative effect of all of the errors cited in the Petition ("Ground Four"); (5) the sentence imposed by the trial court violated the Eighth Amendment's proscription against cruel and unusual punishment ("Ground Five"); (6) the state court erred by denying Petitioner's claim that his sentence also violated the Fifth Amendment's Double Jeopardy Clause ("Ground Six"); and (7) the state court used the incorrect legal standard in determining whether it had the discretion to strike Petitioner's prior strike convictions ("Ground Seven"). (_See_ Petition at 8-9.)

According to the Petition, the California state courts' website, and the website of the Los Angeles County Superior Court, Petition appealed his conviction to the California Court of Appeal (Second Appellate District) on June 5, 2013, and the California Court of Appeal affirmed the conviction on December 3, 2014. Docket (Register of Actions), _The People v. Jordan_, No. B249279 (Dec. 3, 2014), https://appellatecases.courtinfo.ca.gov (last visited Jul. 29, 2020). Petitioner then filed a Petition for Review in the California Supreme Court, which denied the Petition on February 11, 2015. Docket (Register of Actions), _The People v. Jordan_, No. S223686 (Feb. 11, 2015), https://appellatecases.courtinfo.ca.gov (last visited Jul. 29, 2020).

The publicly available court records show that, following the California Supreme Court's February 2015 denial of the Petition for Review, several years passed with no collateral attacks on Petitioner's conviction. In 2018 or 2019, however, more than three years after Petitioner's conviction had become final, Petitioner filed a habeas petition in the Los Angeles County Superior Court. Criminal Case Summary, Events, Case No. BA391352, https://www.lacourt.org/CriminalCaseSummary/UI/index.aspx (last visited Jul. 29, 2020). Petitioner filed three additional habeas petitions in the Los Angeles County Superior Court in 2019. _Id._

On June 11, 2019, Petitioner filed a habeas petition with the California Court of Appeal, Second Appellate District. Docket (Register of Actions), _In re Antoine Denell Jordan on Habeas_

---

[2]   Petitioner contends that, under _Hicks v. Oklahoma_, 477 U.S. 343 (1980), he has a liberty interest in the state abiding by its own statutes, which was violated here. (_See_ Petition at 8 & Attachment A at 11, 39-40.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-5070-SVW (KS)                                      Date: July 29, 2020

Title     *Antoine Denell Jordan v. M. Atchley*

*Corpus*, No. B298230 (Mar. 9, 2020), https://appellatecases.courtinfo.ca.gov (last visited Jul. 29, 2020). The California Court of Appeal denied the petition on March 9, 2020. *Id.* The following day, March 10, 2020, Petitioner filed a habeas petition with the California Supreme Court, which dismissed the petition on April 29, 2020. Docket (Register of Actions), *In re Antoine Denell Jordan on Habeas Corpus*, No. S261144 (Apr. 29, 2020), https://appellatecases.courtinfo.ca.gov (last visited Jul. 29, 2020).

On June 2, 2020, Petitioner signed the instant Petition, and, on June 8, 2020, the Petition was received and docketed by the Court. On June 18, 2020, the Court informed Petitioner that Ground Three of the Petition was unexhausted, rendering the Petition subject to dismissal as a "mixed" petition. (Dkt. No. 3.) The Court directed Petitioner to file one of the following: a Notice of Dismissal of the Petition; a Notice of Dismissal of Ground Three; a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); a request for a stay pursuant to the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003); or a response seeking a *Rhines* stay and, in the alternative, a dismissal or a *Kelly* stay. (Dkt. No. 3.) On July 16, 2020, Petitioner filed a response in which he requests a *Rhines* stay or, in the alternative, a *Kelly* stay.[3] (Dkt. No. 5.)

To obtain a *Rhines* stay, a petitioner must show "good cause" for his failure to exhaust the claims at issue. *Rhines*, 544 U.S. at 277. In addition, a petitioner must show that the unexhausted claims are "potentially meritorious" and that he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278. To obtain a *Kelly* stay, the Court instructed Petitioner that he must establish that Ground Three, once dismissed from the Petition and fully exhausted, will likely be timely when he seeks to re-assert it in the Petition through amendment, either because the statute of limitations will not have expired or because it will relate back to Petitioner's other timely asserted claims. (Dkt. No. 3.)

Having carefully reviewed, and taken judicial notice of, Petitioner's state court filings, as discussed above, the Court has determined that all of Petitioner's claims, including Ground Three, appear to be untimely, and, as a result, Petitioner has neither established that Ground Three is

---

[3]     Petitioner also challenges the United States Magistrate Judge's decision to dismiss the petition with leave to amend. (Dkt. No. 5.) Although the Court mistitled the June 18, 2020 Order "Order Dismissing With Leave To Amend," the Court did not, in fact, order the dismissal of the Petition. (Dkt. No. 3 at 1, 5.) Instead, the Court warned Petitioner that his failure to timely comply with the June 18, 2020 Order would be construed as an election for dismissal of the Petition without prejudice. (Dkt. No. 3 at 5.) Accordingly, the Petition has not, at this time, been dismissed but remains subject to dismissal for the reasons stated in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-5070-SVW (KS)                                         Date: July 29, 2020

Title   *Antoine Denell Jordan v. M. Atchley*

"potentially meritorious," as required for a *Rhines* stay, nor that Ground Three is likely to be timely if it is dismissed and then re-asserted through amendment following the state court exhaustion process pursuant to a *Kelly* stay.

**II.   Discussion**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and Petitioner has not proposed an alternative commencement date under Section 2244(d)(1). Here, Petitioner's conviction and sentence became final on May 12, 2015, ninety days after the California Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-5070-SVW (KS)                                                    Date: July 29, 2020

Title      *Antoine Denell Jordan v. M. Atchley*

Court denied his petition for review. *Bowen v. Roe*, 188 F.3d 1157, 1159 (1999). Petitioner does not allege, and the state court websites do not show, that Petitioner filed a habeas petition in either state or federal court within the first year after his conviction became final.

Therefore, it appears that the statute of limitations commenced running on May 13, 2015, and absent tolling, expired on May 12, 2016. Petitioner purportedly signed the Petition and delivered it to prison officials for mailing on June 2, 2020, more than four years after the statute of limitations expired on May 12, 2016. (*See* Petition at 7.) Thus, the Petition is facially untimely. Furthermore, the state court websites show that, although Petitioner did eventually file habeas petitions attacking his conviction, he waited more than two years after the statute of limitations expired on May 12, 2016 to file the first of those petitions—a habeas petition he filed in Los Angeles County Superior Court in 2018 or 2019. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (to qualify for statutory tolling, a state petition must be filed before, not after, the expiration of AEDPA's one-year limitations period); *see also* Criminal Case Summary, Events, Case No. BA391352, *available at* https://www.lacourt.org/CriminalCaseSummary/UI/index.aspx (last visited Jul. 29, 2020).

Due to the possibility that the statute of limitations bars relief on all of Petitioner's claims, Petitioner has not demonstrated that his claims are potentially meritorious as required for a *Rhines* stay nor likely to be timely following the completion of the stay procedure outlined in *Kelly*. Furthermore, a Petition that is wholly untimely must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), which requires dismissal of a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Nevertheless, in the interests of justice, rather than denying the stay and dismissing the action as untimely at this juncture, the Court grants Petitioner one final chance to demonstrate that the Petition is timely and that he is entitled to a stay to complete the state court exhaustion process with respect to Ground Three.

**III.    Order**

**IT IS THEREFORE ORDERED that, no later than August 19, 2020, Petitioner shall file a Response to this Order** containing specific factual allegations of timeliness, including, if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-5070-SVW (KS)                                           Date: July 29, 2020

Title      *Antoine Denell Jordan v. M. Atchley*

relevant, any factual allegations that an alternative commencement date applies to Ground Three, Petitioner filed one or more habeas petitions prior to the expiration of the statute of limitations (*i.e.*, prior to May 12, 2016), and/or extraordinary circumstances beyond Petitioner's control made it impossible for him to commence this action within the required time.  Alternatively, Petitioner may file a signed document entitled Notice of Voluntary Dismissal if he no longer wishes to proceed with this action.

**Petitioner's failure to timely respond to this Order and demonstrate timeliness may result in a recommendation of dismissal.**

**IT IS SO ORDERED**.

                                                                                                              :
                                                                                **Initials of Preparer**   gr